Eastern District of Kentucky
**FILED**

OCT 2 4 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-406-JMH

MARVIN TILLETT                                                        PETITIONER

VS:                  **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, ET AL.                                    RESPONDENTS

\* \* \* \* \*

Marvin Tillett, who is currently incarcerated in the Federal Medical Center in Lexington, Kentucky, has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. The matter is now before the Court for screening. 28 U.S.C. §2243.[1] For the reasons to be discussed below, the petition will be denied.

## ALLEGATIONS AND CLAIMS

The following is a summary of the factual allegations and the claims made in the petitioner's initial filing [Record No. 1], which includes a partially completed petition form, 21-page typewritten memorandum, and documentary attachments.

The petitioner describes himself as a 39-year old native of Belize who came to the United States at the age of nine, in 1975. He alleges that he has been a legal permanent resident here for over 30 years now, Alien number A34496797. In September of 1991, in the United States District Court for the Southern District of Ohio, he pled guilty to conspiracy to distribute cocaine and cocaine

---

[1] *See also Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)

base and was sentenced to 210 months' imprisonment. His projected release date is July 3, 2006.

The petitioner alleges that on May 26, 1992, the Immigration and Naturalization Service (INS) issued a show cause order charging him with deportation based on his having been convicted of an aggravated felony. Having no money for an attorney, the petitioner contends, on March 24, 1994, he was forced to represent himself before an Immigration Judge in a hearing at the United States Penitentiary in Leavenworth, Kansas. According to Tillett, at the hearing, he admitted the factual allegations and conceded deportability; he was advised that he was eligible to apply for relief from deportation under §212(c) of the Immigration and Naturalization Act, 8 U.S.C. §1182(c); and his case was continued to a hearing on the merits of his §212(c) application.

Two months later, on May 19, 1994, the petitioner again appeared alone before the immigration judge on his §212(c) application and again testified and argued for himself. He describes some of this testimony and devotes much of the instant memorandum and attachments herein, exhibits A through G, to his ties to the community, family obligations, industriousness, and other factors purportedly supporting his suitability for a §212(c) waiver of deportation.

Although he does not reveal the date of the decision, the petitioner's §212(c) application was apparently unsuccessful, as he argues herein that (1) the judge's denial was improper in that the decision was the result of retroactively applying the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"); (2) the facts about him and his family support the grant of a stay of deportation; and (3) this Court has jurisdiction to entertain the claims of a lawful permanent resident of the United States under 28 U.S.C. §2241.

2

The petitioner asks that the Court vacate the deportation order and grant him a stay of deportation.

## DISCUSSION

The instant petitioner is not entitled to habeas relief pursuant to 28 U.S.C. §2241, for several reasons.

First, Petitioner Tillett is in custody serving a criminal sentence attendant to his 1991 conviction and he will continue to do so until at least July 3, 2006. By its very terms, §2241 relief is available only if the petitioner's current "custody [is] in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). As he is not yet in INS custody, Petitioner Tillett cannot seek release from immigration authorities under §2241. *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). *See also Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (relying on *Campillo*, 853 F.2d at 595).

To the extent that the petitioner is merely challenging the immigration orders which will take effect upon his release, §2241 also offers him no avenue to relief. Since the enactment of AEDPA and the IIRIRA, immigration law has continued to change. Earlier this year, on May 11, 2005, the REAL ID Act of 2005 ("RIDA") was signed into law. Pub.L. No. 109-13, Div.B, 119 Stat. 231, 302. *Inter alia,* RIDA contained the following jurisdictional provision:

> (5) EXCLUSIVE MEANS OF REVIEW. -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act

3

RIDA §§106(a)(1)(B). Therefore, effective on May 11, 2005, RIDA clearly deprived this Court of jurisdiction over the petitioner's claims by amending the judicial review provisions of section 242 of the Immigration and Nationality Act, to make a petition for review in the federal courts of appeals the sole means of review of a final immigration "order of removal, deportation, or exclusion."

Moreover, while the former §212(c) explicitly applied only to aliens in exclusion proceedings, courts have construed it as providing relief to aliens facing orders of deportation as well. *Elia v. Gonzales*, 418 F.3d 667, 673 (6th Cir. 2005) (citing *INS v. St. Cyr*, 533 U.S. 289, 295 (2001)). Thus, §212 orders, also, are reviewable only in the courts of appeals. *See also Tavares, v. Ashcroft*, 371 F.Supp.2d 61 (D. Puerto Rico 2005).

Consistent therewith, this Court finds that it is without jurisdiction to entertain any of Petitioner Tillett's claims challenging the 1994 (or any other) decision of the immigration authorities either to remove him from the United States or to deny him a waiver.[2]

## CONCLUSION

Accordingly, for the foregoing reasons and the Court being otherwise advised, **IT IS HEREBY ORDERED** as follows:

(1) The petition of Marvin Tillett for a writ of habeas corpus is **DENIED**; and

---

[2] RIDA sets the location for where a petition for review of immigration orders must be filed, *i.e.*, "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA §§242(b)(2). On the assumption that the immigration judge's 213(c) decision was handed down at Leavenworth, which lies within the territorial jurisdiction of the United States Court of Appeals for the Tenth Circuit, it is the appropriate appellate court to make such review, after exhaustion administratively.

4

(2)     this action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 21st day of October, 2005.

*Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: